BRIAN L. WILLIAMS
Pro Hac Vice
JEMMA DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
PHILIP A. HORLACHER
Nevada Bar No. 16891
GREENBERG GROSS LLP
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
 BWilliams@GGTrialLaw.com
 JDunn@GGTrialLaw.com
 MHale@GGTrialLaw.com
 PHorlacher@GGTriallaw.com

Attorneys for Plaintiff, April Isas

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| APRIL ISAS, an individual,<br><br>                Plaintiff,<br><br>        v.<br><br>CHIPOTLE SERVICES LLC, a California limited liability company; CHIPOTLE MEXICAN GRILL, INC., a California corporation,<br><br>                Defendants. | Case No. 2:24-cv-02305-JAD-DJA<br><br>**STIPULATION TO MODIFY DISCOVERY PLAN AND SCHEDULING ORDER** |

In accordance with LR 26-3, Plaintiff April Isas ("Plaintiff"), by and through her counsel of record, Greenberg Gross LLP, and Defendants Chipotle Services, LLC, and Chipotle Mexican Grill, Inc. ("Defendants"), by and through their counsel of record, Martenson, Hasbrouck & Simon LLP and Marquis Aurbach CHTD (collectively, the "Parties"), hereby stipulate to modify the Stipulated Discovery Plan and Scheduling Order (ECF No. 100) and demonstrate that good cause exists to do so.

In support thereof, the Parties show as follows:

1.      The Parties filed a Stipulation to Modify the Discovery Plan and Scheduling Order

on January 7, 2026 (ECF No. 99), which the Court granted on January 8, 2026 (ECF No. 100).

2. Since entry of the Court's January 8, 2026 Order, the Parties have engaged in ongoing and productive efforts to advance fact discovery. Defendants have been working to supplement their responses to Plaintiff's first, second, and third sets of Requests for Production of Documents, specifically, with respect to electronically stored information ("ESI"). The ESI collection and review process has been substantial. Defendants' searches have generated a large volume of potentially responsive material, and the Parties have met and conferred over the telephone and email over the course of months to continually narrow search terms, custodians, and date ranges to facilitate a workable production. Defendants have been sorting and reviewing the resulting documents and have advised that they intend to produce responsive ESI in the near term.

3. The forthcoming ESI production is material to the orderly progression of fact discovery. The Parties have been meeting and conferring regarding the scheduling of numerous depositions, including the deposition of Plaintiff, depositions of Defendants' employees and affiliated witnesses, and depositions pursuant to Federal Rule of Civil Procedure 30(b)(6). Because the ESI is expected to be used both to inform examination and as deposition exhibits, the Parties have agreed that proceeding with these depositions before the production is completed would be inefficient, would risk the need for additional sessions, and would not serve the just, speedy, and inexpensive resolution of this action. The Parties are continuing to coordinate mutually available dates and to meet and confer regarding the scope of certain noticed depositions so that they may proceed promptly upon completion of the production, ideally commencing late May.

4. Expert discovery is similarly affected by the timing of the forthcoming ESI production. Certain categories of documents anticipated in the forthcoming production are likely to be considered by the Parties' experts in forming their opinions. Thus, proceeding with expert disclosures before that material is available would risk premature or incomplete opinions and would likely necessitate supplementation, which would burden the Parties.

5. Discovery that remains to be completed includes, among other things: (a) supplementation of Defendants' document productions; (b) fact depositions; and (c) Fed. R. Civ. P.

26(a)(2) expert disclosures and any related expert discovery.

6. This stipulation to extend the unexpired deadlines set forth in the current discovery plan is brought before the twenty-one (21) day expiration of the subject deadlines.

7. The Parties believe good cause exists to modify the Discovery Plan and Scheduling Order to allow the Parties adequate time to complete document production, coordinate and conduct depositions, finalize expert disclosures, and complete all remaining fact and expert discovery matters.

8. The Parties have met and conferred and are in agreement both as to the justification for, and the sixty (60) day length of, this request.

9. This request is made in good faith and prior to the expiration of any pending deadlines, and is not sought for the purpose of delay, nor will the additional time adversely affect the just, speedy, and inexpensive determination of this action.

The Parties hereby stipulate to the following Joint Proposed Modified Discovery Plan and Scheduling Order:

**A. Discovery Cut-Off Date(s):** The last day of discovery shall be **September 18, 2026**.

**B. Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):** The disclosure of any initial expert witnesses shall be made by **July 20, 2026**, and the disclosures of any rebuttal experts shall be made by **August 21, 2026**.

**C. Dispositive Motions:** Dispositive motions may be filed no later than **October 19, 2026**, which is thirty (30) days after the discovery cut-off date. In the event that the discovery period is extended from the discovery cut-off date set forth in this Joint Modified Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended for the same duration, to be no later than thirty (30) days after the discovery cut-off date.

**D. Pretrial Order:** If no dispositive motions are filed, the Joint Pretrial Order shall be filed by **November 18, 2026**, which is thirty (30) days after the deadline for filing dispositive motions. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the decision on the dispositive motions or until further order of the Court.

Case No. 2:24-cv-02305-JAD-DJA

**E. Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

**F. Extensions or Modifications of the Discovery Plan and Scheduling Order:** In accordance with Local Rule 26-4, a stipulation or motion for modification or extension of this discovery plan and scheduling order and any deadline contained herein must be made no later than twenty-one (21) days before the subject deadline.

**G. Electronic Filing and Service:** The Parties' attorneys of record in this matter are registered users with the Court's electronic filing system and as such consent to electronic service of all documents and things electronically filed with the Court, except for pleadings and other documents set forth in Fed. R. Civ. P. 4. For documents and things that are not filed with the Court, the Parties, in accordance with Fed. R. Civ. P. 5(b)(2)(F), each consent to electronic service of the same as follows: for Plaintiff, service shall be made by email to BWilliams@ggtriallaw.com, JDunn@ggtriallaw.com, MHale@ggtriallaw.com, and PHorlacher@ggtriallaw.com; and for Defendants, service shall be made by email to ncrosby@maclaw.com, jmontet@maclaw.com, rmollohan@martensonlaw.com, and bbulat@martensonlaw.com.

**H. Electronically Stored Information:** The parties do not at this time anticipate any issues regarding disclosures, discovery, or preservation of electronically stored information ("ESI"), if any, including the form or forms in which it should be produced. The parties anticipate that evidence will be presented to jurors at trial in electronic format. As such, the parties will endeavor to produce all documents in a format compatible with the Court's electronic jury evidence display system. The parties agree that ESI can be produced or presented at trial in a readable image (e.g., .pdf or .tiff) file, while reserving the right to thereafter seek production of the ESI in native format if necessary and to the extent readable images are insufficient in establishing any claims or defenses. If a party later requests the ESI be produced in its native format and/or as a forensic copy, the parties agree to meet and confer to determine the parameters of the production and to produce in accordance with the Federal Rules of Civil Procedure. The parties shall work in good faith with respect to the production and presentation of ESI at trial.

**I. Privileged or Protected Documents:** The parties agree to be bound by Fed. R. Evid. 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the Parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly notify the requesting party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege.

**J. Alternative Dispute Resolution:** In compliance with Local Rule 26-1(b)(7), the parties certify that they met and conferred about the possibility of using alternative dispute resolution processes. The parties participated in an early neutral evaluation on May 29, 2025, which did not result in a resolution. The parties remain open to the potential use of mediation or other alternative dispute resolution processes in the future, but no agreement has been reached, and the parties will continue to evaluate opportunities for alternative dispute resolution.

**K. Alternative Forms of Case Disposition:** In compliance with 28 U.S.C. § 636(c) and Local Rule 26-1(b)(8), the parties have considered consenting to the assigned Magistrate Judge Albregts, as well as the Short Trial Program, but do not consent to trial by the magistrate judge or to the use of the Short Trial Program at this time.

/s/PHILIP A. HORLACHER
BRIAN L. WILLIAMS
*Pro Hac Vice*
JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
PHILIP A. HORLACHER
Nevada Bar No. 16891
  1980 Festival Plaza Drive, Suite 730
  Las Vegas, Nevada 89135

*Attorneys for Plaintiff*

/s/ROBERT J. MOLLOHAN, JR.
BETSY BULAT
*Pro Hac Vice*
ROBERT J. MOLLOHAN, Jr.
*Pro Hac Vice*
  2573 Apple Valley Road
  Atlanta, Georgia 30319

*Attorneys for Defendants*


/s/JORDAN W. MONTET
NICHOLAS D. CROSBY
Nevada Bar No. 8996
JORDAN W. MONTET
Nevada Bar No. 14743
  10001 Park Run Drive
  Las Vegas, Nevada 89145

*Attorneys for Defendants*


**IT IS SO ORDERED**.

DATED: 4/30/2026

_____
DANIE J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

**ORDER**

IT IS SO ORDERED:

_____

UNITED STATES MAGISTRATE JUDGE

DATED: _____

Case No. 2:24-cv-02305-JAD-DJA

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2026, a true and correct copy of **STIPULATION TO MODIFY DISCOVERY PLAN AND SCHEDULING ORDER** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By  */s/ Mario Hurtado*

Mario Hurtado, an Employee of
GREENBERG GROSS LLP